Thanh TRAN, Plaintiff,

v.

MANITOWOC ENGINEERING
COMPANY, Defendant,

and

Manitowoc Coastal States Sales and Service Co., Inc., Defendant-Appellee,

and

TAULLI CONSTRUCTION COMPANY,
INC., Defendant-Third-Party
Plaintiff-Appellee,

v.

BECKER & ASSOCIATES, INC., Third-Party Defendant-Appellant.

No. 83–3775.

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1985.

Henderson, Hanemann & Morris, Philip E. Henderson, Houma, La., for third party defendant-appellant.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Stanhope B. Denegre, New Orleans, La., for Manitowoc Coastal States Sales, Etc.

---

\* District Judge of the Southern District of Texas, sitting by designation.

Bienvenu, Foster, Ryan & O'Bannon, Leonard A. Young, John C. Tollefson, Ernest L. O'Bannon, New Orleans, La., for Taulli Const. Co.

Before JOHNSON and HILL, Circuit Judges and HINOJOSA,\* District Judge.

HINOJOSA, District Judge:

This appeal arises out of a diversity jurisdiction personal injury action originally brought by Thanh Tran, a citizen of Vietnam. Tran was injured when he was struck by pilings that were being loaded by a crane onto a barge owned by his employer. Tran brought his action against the Appellees—Manitowoc Coastal Sales (Defendant/Third-Party Plaintiff below, hereinafter Manitowoc), a crane dealer that had performed repairs on the crane involved in the accident, and Taulli Construction Co., Inc. (Defendant/Third Party Plaintiff below, hereinafter Taulli), the company which had rented the crane to Tran's employer.[1] Manitowoc and Taulli filed third party claims against Tran's employer, Appellant Becker & Associates, Inc. (Intervenor/Third Party Defendant below, hereinafter Becker), seeking contribution. Taulli also sought relief against Becker based on contractual indemnity. Becker intervened in the action, seeking reimbursement of compensation payments made to Tran.

Becker appeals the trial court's judgment awarding contribution to both Manitowoc and Taulli and indemnity in favor of Taulli. Becker claims that the contribution award is barred by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (hereinafter LHWCA), and that the contract between it and Taulli did not require indemnification.

---

1. Manitowoc Engineering Company, the manufacturer of the crane, was also named as an original defendant but was dismissed on Tran's motion and is not involved in this appeal.

## I. BACKGROUND

At its yard in Belle Chasse, Louisiana, Becker manufactured large steel pilings to be used in maritime construction. Becker's yard was adjacent to the Intracoastal Canal and had its own dock. Pilings were loaded by crane by stevedores employed by Becker onto a Becker barge for transport to a construction site.

On April 9, 1981, Thanh Tran, a Becker employee, was working on the load-out crew. The load-out crew's job was to load heavy steel pilings (3 feet by 140 feet) from Becker's dock onto its barge. Tran was positioned inside the barge and it was his job to place wooden chocks under each piling as it reached the deck. Approximately three pilings were loaded without incident. While the next piling was suspended by the crane over the barge, the crane boom "ran" (i.e., it dropped out of control). The piling struck the barge's deck and pinned Tran's leg against another piling, causing severe injury.

The district court found that Tran was injured as a result of the malfunction of the crane. Taulli owned the crane and had leased it to Becker eight months prior to the accident. Appellee Manitowoc was a crane dealer that had performed a conversion and repairs on the crane.

Tran's claims against Manitowoc and Taulli were tried to a jury. The jury found for Tran and awarded him $349,714.49. By agreement of the parties, the claims of Manitowoc and Taulli against Becker were reserved for the court. In ruling on the contribution and indemnity claims of Manitowoc and Taulli, the district court adopted the jury's finding that Tran's injuries were caused 70% by Becker's negligence, 20% by Manitowoc's negligence and 10% by Taulli's negligence. On appeal there is no dispute on this *apportionment* of fault between Becker, Manitowoc, and Taulli; rather, the *nature* of Becker's negligence is in issue with respect to the court's ruling on the contribution claims.

·The district court found Becker negligent in the following four particulars:

(1) Becker directed Thanh Tran, a non-English speaking employee to engage in dangerous loading activities on the barge requiring constant communication between co-workers when it knew or should have known that he could not speak English and it provided no interpreters. Tran could not be properly supervised, trained, advised as to safety procedures, or warned to the various dangers which arose during the course of his daily operations. (2) Despite the actual knowledge of its employees that the crane boom tended to "run", that is descend suddenly without control, when heavily loaded and that the crane tended to tip when heavily loaded, Becker took no precautions to prevent these conditions, which were a cause in fact of the accident. (3) The testimony and evidence showed that Becker failed to properly inspect and maintain the crane, allowing an air leak in the boom hoist control line to go undetected and unrepaired. There was expert testimony which showed that this may have been the cause of the crane "running." (4) Becker was negligent in allowing an operator with a seriously injured hand to operate the crane on the date of loss, an activity which all concede requires significant dexterity and manual strength. There was evidence that this injury hampered the operator's ability to employ the boom brake and emergency braking system of the crane.

In its findings of fact, the district court did not attempt to distinguish between Becker's negligence as owner of the barge and its stevedoring negligence. The district court granted the claims of Manitowoc and Taulli for contribution from Becker to the full extent of Becker's 70% fault.

Taulli's claim for contractual indemnity was based on the following clause found in the contract in which Becker rented the crane from Taulli:

LIABILITY OF LESSEE: The lessee [Becker] shall indemnify lessor [Taulli] against all loss, damage, expense and penalty arising from any action on account of personal injury or damage to property occasioned · by the operation,

handling or transportation of any equipment during the rental period. Lessee shall carry insurance satisfactory to Lessor, providing this protection.

The district court found, and the parties do not dispute, that this provision was not broad enough to require Becker to indemnify Taulli for Taulli's own negligence. Becker does contest the court's ruling that this clause required Becker to indemnify Taulli for Becker's negligence.

## II. CONTRIBUTION

Becker disputes the district court's judgment granting contribution in favor of Manitowoc and Taulli with basically two arguments. First, Becker contends that claims for contribution from a stevedore employer are completely barred by the LHWCA even if its negligence had been as owner of the vessel. Alternatively, Becker asserts that even if it could be liable to third parties for its negligence as a vessel owner, the only negligence involved in this action was stevedoring negligence for which the LHWCA provides immunity.

### A. AVAILABILITY OF CONTRIBUTION

■ The LHWCA requires employer stevedores to pay compensation to injured workers. Compensation is the employee's exclusive remedy against his stevedore employer. 33 U.S.C. § 905(a).[2] The employee does have a right, however, to bring an action against a vessel owner for damages caused by the owner's negligence. Section 905(b) of the LHWCA provides:

In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover

damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel. If such person was employed by the vessel to provide ship building or repair services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing ship building or repair services to the vessel. The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.

33 U.S.C. § 905(b). If the vessel owner and the stevedore employer are the same entity, as is the situation in the instant case with Becker being both owner of the barge and stevedore employer, the injured employee may still bring an action to recover damages—but only for vessel owner negligence, not for stevedoring negligence. *Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 103 S.Ct. 2541, 2547 n. 6, 76 L.Ed.2d 768 (1983); *see also Smith v. M/V Captain Fred*, 546 F.2d 119 (5th Cir.1977). The statute is silent on whether a third party may seek contribution from a vessel owner/stevedore employer for vessel own-

---

**2.** Section 905(a) provides:

The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured

employee, or his legal representative in case death results from the injury, may elect to claim compensation under the chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee.

er negligence, and we have been unable to find a Fifth Circuit opinion deciding this issue. Thus, if the Plaintiff Tran had brought an action against Becker, it is clear under the LHWCA that he could have recovered damages from Becker for any vessel owner negligence. But it is not clear from the face of the statute whether Manitowoc and Taulli may be granted contribution from Becker based on the same vessel owner negligence.

Becker points out that compensation to the injured employee is the exclusive remedy against a stevedore employer. Becker contends that the sole exception to this exclusive remedy is in favor of injured longshoremen who are employed by vessel owners. Congress, Becker argues, purposely did not extend a similar exception to third party tort feasors seeking contribution. Becker urges that the case law emphasizing the humanitarian statutory policy which dictates liberal construction in favor of the employee, see e.g., *Ryan-Walch Stevedoring Co., Inc. v. Trainer*, 601 F.2d 1306, 1316 (5th Cir.1979), as well as precedent emphasizing the need to limit employer liability to insure sufficient funds to pay employee compensation, see e.g., *Cella v. Partenreederei Ms Ravenna*, 529 F.2d 15, 20 (1st Cir.1975), support its position. While we agree that statutory humanitarian and economical considerations support barring contribution to third parties when only stevedoring negligence is present, we reject Becker's construction of the LHWCA when vessel owner negligence is present.

As noted by the district court in its judgment, the only other circuit to address this issue has concluded that a longshoreman's employer, as owner *pro hac vice* of a vessel, may be required to pay contribution to the vessel owner for the employer's negligence as *pro hac vice* owner. *Griffith v. Wheeling Pittsburg Steel Corp.*, 521 F.2d 31, 44 (3d Cir.1975). This holding and the district court's analysis find support in the legislative history of the 1972 amendments to the LHWCA. The House Report stated: "The Committee's intent is that the same principles should apply in determining liability of the vessel which employs its own

longshoremen or ship builders or repairmen as apply when an independent contractor employs such persons." H.R.Rep. No. 1441, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Ad.News 4698, 4705.

The Supreme Court has held that joint tort feasor contribution is available in maritime non-collision cases. *Cooper Stevedoring Co., Inc. v. Fritz Kopke, Inc.*, 417 U.S. 106, 113, 94 S.Ct. 2174, 2178, 40 L.Ed.2d 694 (1974). Applying this holding to our case, if Tran had been employed by an independent stevedore, Becker would have unquestionably been liable for contribution for its vessel owner negligence. In accordance with expressed congressional intent, a vessel owner should not be shielded from liability for negligence as vessel owner by simply choosing to also provide its own stevedoring services.

The district court reasoned that since Becker would have enjoyed no tort immunity in an action by Tran for its negligence as barge owner, Becker should have no immunity for third party claims for contribution based on the same negligence. We concur in the court's logic. We can think of no policy which would be furthered by making liability for vessel owner negligence dependent on whether or not the injured employee chooses to name his employer as a defendant. Accordingly, we hold that a third party claim for joint tort feasor contribution against a vessel owner/stevedore employer for negligent acts as vessel owner is not barred by the LHWCA.

### B. VESSEL OWNER NEGLIGENCE

■ As already stated, "a vessel owner acting as its own stevedore is liable only for negligence in its 'owner' capacity, not for negligence in its 'stevedore' capacity." *Jones & Laughlin Steel Corp. v. Pfeifer*, 103 S.Ct. at 2547 n. 6. Therefore, Becker can be liable only for its negligent acts as barge owner.

Becker contends that the district judge erred as a matter of law in holding that the particular conduct which was found to be

negligent could be attributed to Becker as a barge owner. We do not reach this contention, however, since we conclude that the court did not make an adequate finding on what percentage of Becker's total negligence was attributed to Becker as owner of the barge.

While the district court's holding implies that all of Becker's fault could be attributed to Becker as vessel owner, the court's only finding on vessel owner versus stevedoring negligence is ambiguous. The court found "that Becker's fault (*qua* vessel owner *and otherwise*) for the plaintiff's accident to be 70%" (emphasis added).[3] From this finding it appears that some of the 70% fault occasioned by Becker's negligence may have been in its stevedoring capacity. If so, the district court would have been in error in granting contribution to Manitowoc and Taulli to the full extent of Becker's 70% fault. Since we are unable to determine whether the district court properly apportioned Becker's fault between vessel owner negligence and stevedoring negligence and since this determination should be made at the trial court level in the first instance, we remand to the district court for a factual finding on specifically what negligence and percentage of Becker's 70% fault was attributable to Becker as barge owner.

The 1972 amendments to the LHWCA eliminated the unseaworthiness standard in determining a vessel owner's duty to a longshoreman. While Congress substituted a negligence standard, it did not provide specific guidance on the duty owed by the vessel owner to the longshoreman. The Supreme Court has since articulated the basic duties owed by a vessel owner to a longshoreman employed by an independent stevedore. *Scindia Steam Navigation v. De Los Santos*, 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981). Very recently, the Fifth Circuit has for the first time addressed the duty owed to a longshoreman by a vessel owner that conducts its own stevedoring operations. *Castorina v. Lykes Brothers Steamship Co.*, 758 F.2d 1025, 1031–36 (5th Cir. April 15, 1985). Without repeating the principles set forth in *Scindia* and *Castorina* here, we note that the trial court should be guided by these precedents in its determination of Becker's negligence as vessel owner.

## III. CONTRACTUAL INDEMNITY

The district court ruled that although the indemnity clause[4] in the lease agreement between Taulli and Becker was not broad enough to require Becker to indemnify Taulli for Taulli's negligent acts,[5] it was intended to have some meaning and should be construed to require Becker to indemnify Taulli for Becker's negligent acts. The court reached this conclusion after finding that Louisiana law, which governs the contract provision in this diversity case, did not address whether contractual indemnity was available to a third party tort feasor for the damages to an employee caused by the employer's negligence. Concluding that Louisiana state courts had not yet decided the question, the court based its holding on its analysis of what the state courts would do if faced with this question.

Becker contends that Louisiana law is settled on this indemnity issue. Becker asserts that Louisiana law does not allow indemnity of a negligent indemnitee even when the indemnitor is also negligent. Becker cites the following Louisiana precedent in support of this contention: *Green v. Taca International Airlines*, 304 So.2d 357 (La.1974); *Strickland v. Nutt*, 264 So.2d 317 (La.App. 1 Cir.1972); *see also Cole v. Chevron Chemical Company-Oronite Division*, 477 F.2d 361, 367–69 (5th Cir.1973).

■ Our review of the precedent cited by Becker reveals that these cases are not on point. These cases do not address the issue of whether this indemnity agreement is sufficient to require Becker to indemnify Taulli for Becker's negligence, given that

---

3. This finding was actually in the court's conclusions of law. The court did adopt any conclusion of law that constituted a finding of fact as a factual finding.

4. This indemnity agreement is set out in full *supra*, p. 225.

5. This holding is not disputed.

the indemnity clause is not specific enough to require Becker to indemnify Taulli for Taulli's negligence. Rather, these cases, applied to the instant case, would stand for the proposition that Becker does not have to indemnify Taulli for Taulli's own negligence simply because Becker was concurrently negligent with Taulli. This is simply not in issue on this appeal. In addition, "[a] federal district court judge's determination on the law in his state is, as a rule, entitled to great weight on review." *Avery v. Maremont Corp.*, 628 F.2d 441, 446 (5th Cir.1980).

Our review of Louisiana law leads us to agree with the district court that the particular question involved here has not yet been decided. Accordingly, the district court properly addressed the issue of what Louisiana courts would hold if faced with this issue. *Arceneaux v. Texaco, Inc.*, 623 F.2d 924, 926 (5th Cir.1980).

Louisiana has adopted the doctrine of comparative negligence. La.Civ.Code Ann. arts. 1804–1805 (West 1985 Supp.) (formerly art. 2103). After reviewing the law of other comparative negligence jurisdictions, including "Federal Common Law," the district court concluded that Louisiana courts would follow the Supreme Court's holding in *U.S. v. Seckinger*, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970), if presented with the same facts. In *Seckinger* the Supreme Court held, in interpreting an indemnity clause similar to the one in the instant case, that while a contractor would not be indemnified for its own negligence, it could recover from a compensation paying employer the percentage of an injured employee's damages caused by the employer's negligence. We agree with the district court's analysis, and, again, particularly "where the state law is uncertain, we are hesitant to second guess the federal district court judge." *Avery v. Maremont Corp.*, 628 F.2d at 446.

Under the LHWCA a stevedore employer normally would enjoy tort immunity for its stevedoring negligence. 33 U.S.C. § 905(a), (b). It is clear, however, that this immunity may be waived by an indemnity contract with a third party other than the vessel owner. *Pippen v. Shell Oil Co.*, 661 F.2d 378, 386–88 (5th Cir.1981); *Olsen v. Shell Oil Co.*, 595 F.2d 1099, 1103–04 (5th Cir.1979). Here, Becker waived its immunity by entering into an indemnity agreement in the contract in which it leased the crane from Taulli. We, therefore, affirm the district court's judgment granting Taulli's claim for indemnity against Becker for 70% of the damages paid by Taulli to Tran, which is the percentage of the damages caused by Becker's negligence. Since Taulli will be indemnified for all of Becker's negligence, the district court's findings on remand with respect to the contribution claims will only affect Manitowoc.

## IV. CONCLUSION

The district court's judgment granting indemnity to Taulli is AFFIRMED. The court's judgment granting the claims of Manitowoc and Taulli for contribution is VACATED and REMANDED for further proceedings in accordance with the opinion of this Court.