**FIRST COMMONWEALTH
CORPORATION**

v.

**HIBERNIA NATIONAL BANK
OF NEW ORLEANS.**

Civ. A. No. 91–2743.

United States District Court,
E.D. Louisiana.

July 22, 1994.

John C. Combe, Jr., Warren M. Schultz, Jr., M. Richard Schroeder, T. Michael Twomey, Jones, Walker, Waechter, Poitevent Carrere & Denegre, New Orleans, LA, for plaintiff First Commonwealth Corp.

Robert Stephen Rooth, Corinne Ann Morrison, James Calvin Young, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, John F. Weeks, II, Usry & Weeks, Metairie, LA, for defendant Hibernia Nat. Bank of New Orleans.

Robert G. Stassi, Chehardy, Sherman, Ellis, Breslin & Murray, Metairie, LA, Frank Gerald DeSalvo, Frank G. DeSalvo, Atty. at Law, New Orleans, LA, for third-party defendant Leonard H. Aucoin.

Frank Gerald DeSalvo, Atty. at Law, New Orleans, LA, for third-party defendant W. Joel Herron.

Richard Terrell Simmons, Jr., Kurt D. Engelhardt, Hailey, McNamara, Hall, Larmann & Papale, Metairie, LA, for third-party defendant Dennis J. LaFont.

Laurence D. Rudman, Kiefer & Rudman, Metairie, LA, Jerry F. Palmer, Elkins & Associates, New Orleans, LA, Pierre V. Miller, II, Kiefer & Rudman, APLC, Metairie, LA, for third-party defendant Jerry F. Palmer.

## MEMORANDUM AND ORDER

SEAR, Chief Judge.

### I. BACKGROUND

This third party complaint was filed under the Court's supplemental jurisdiction.[1] On December 11, 1989, First Commonwealth Corp. ("FCC") loaned $8.25 million to Insurance Premium Assistance Company ("IPAC"), which pledged certain "premium finance notes" (the "notes") to FCC as collateral. The nature of the notes was such that they diminished in value by approximately 9% each month, and IPAC was therefore required to replenish the collateral by depositing new notes. On the same day, IPAC and FCC entered into a Custodian Agreement with Hibernia National Bank ("Hibernia"). Hibernia's duties included: receiving, cataloging, and storing the notes deposited by IPAC, and the accounting for all those notes delivered to or withdrawn from its custody.

However, in March 1990, IPAC stopped delivering the notes to Hibernia. In July 1990, IPAC defaulted on its loan obligations to FCC. Accordingly, FCC sued IPAC and other individual defendants in this Court in September 1990, alleging that IPAC and the others caused the default. By a Compromise and Settlement Agreement dated February 27, 1991, FCC settled its claims against IPAC and each of the individual defendants. It is alleged that as part of the settlement, FCC agreed to indemnify IPAC against any claim that Hibernia might make against IPAC. FCC then filed the captioned action against Hibernia claiming that Hibernia breached the Custodian Agreement and this breach was a cause in fact of FCC's alleged failure to collect its loan from IPAC.

In January 1994, Hibernia filed a third party complaint against Leonard H. Aucoin, W. Joel Herron, Dennis Lafont, Jerry F. Palmer, Gary E. Jackson, and Bob F. Shamburger, each of whom were individual defendants in the original suit, seeking indemnity or contribution.[2] Aucoin, Herron, Lafont, and Palmer ("third party defendants") have moved to dismiss Hibernia's complaint on the grounds that it fails to state a claim upon which relief can be granted. *See* Fed. R.Civ.P. 12(b)(6).

### II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, a court must look only to the four corners of the pleadings and accept the well pleaded allegations in them as true. *St. Paul Ins. of*

---

1. 28 U.S.C. § 1367(a).

2. Aucoin served as Vice–President of IPAC; Herron served as President of IPAC; Jackson served as an authorized agent of IPAC; Lafont served as Treasurer and a director of IPAC; Palmer served as Secretary of IPAC; and Shamburger served as Chairman of the Board of Directors of Public Investors Inc., which is affiliated with IPAC.

**1144**

*Bellaire, Texas v. AFIA Worldwide Ins. Co.,* 937 F.2d 274, 279 (5th Cir.1991); *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965). The petition's allegations "should be construed favorably to the pleader," *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and it should not be dismissed for failure to state a claim unless there is no set of facts which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### A. INDEMNITY

■ Hibernia's first claim against the third party defendants is for indemnity. Indemnity is due when fairness mandates that one person bear the total responsibility for an injury. *Diggs v. Hood,* 772 F.2d 190, 193 (5th Cir.1985). Liability for indemnity occurs only when the party seeking indemnity, the indemnitee, is free of fault. *Id.* Indemnity shifts the entire loss from a tortfeasor only technically or constructively at fault to one primarily responsible for the act that caused the damage. *Green v. Taca Intern. Airlines,* 304 So.2d 357, 359 (La.1974).

FCC filed a breach of contract suit against Hibernia, the alleged indemnitee.[3] In response, Hibernia claims that the actions of the third party defendants were the primary cause of the loss suffered by FCC. Hibernia further alleged that its breach, if any, was only a technical cause of the loss.

■ If Hibernia is found to have breached a contract, it would be untenable for the third party defendants to bear total responsibility for the loss. In fact, there are no set of facts which would entitle Hibernia to indemnity. According to the Custodian Agreement, Hibernia is free from all liabilities "excepting such as may arise through or be

caused by its own willful misconduct or gross negligence." Custodian Agreement, section A(3), at 2. Although the third party defendants' actions may have **triggered** the potential breach of the Custodian Agreement, Hibernia's liability, if any, will be due to its actions in breaching the Custodian Agreement, and therefore, indemnity cannot be allowed. Accordingly, Hibernia is not entitled to be indemnified for its actions.

### B. CONTRIBUTION

■ Hibernia's second claim against the third party defendants is for contribution. Louisiana law mandates that when the negligence of two parties combine to produce injury to a third, the parties at fault are joint tortfeasors and are liable *in solido* to the injured plaintiff. *Harvey v. Travelers Insurance Company,* 163 So.2d 915, 918 (La.App. 3rd Cir.1964). Louisiana courts equate solidary obligors whether their obligations arise ex contractu or ex delicto.[4] *Id.* at 920. The theory of contribution apportions the loss among joint tortfeasors and requires each to pay his virile share of the damages that result from the wrong. *Green,* 304 So.2d at 359.[5] An obligor who pays a debt he owes with others is legally subrogated to the rights of the obligee, if he brings an action against the other obligors. *Lebleu v. Southern Silica of Louisiana,* 554 So.2d 852, 857 (La.App. 3rd Cir.1989).

In this case, for Hibernia to receive contribution from these third party defendants, they must be considered liable *in solido*.[6] If Hibernia is found liable at trial, then for the purposes of this motion, Hibernia and the third party defendants can be viewed as solidary obligors.[7] Therefore, each would be required to pay his virile (pro rata) share of

---

3. *See* ¶XXII of the complaint.

4. An obligation *in solido* may exist when the liability of the one debtor is in tort and that of the other is in contract. *Swanson v. Comeaux,* 286 So.2d 117 (La.App. 4th Cir.1973).

5. *See* also LSA–C.C. Art. 1804, which, in part, states: "Among solidary obligors, each is liable for his virile portion. If the obligation arises from a contract or quasi-contract, virile portions are equal in the absence of agreement or judg-

ment to the contrary. If the obligation arises from an offense or quasi-offense, a virile portion is proportionate to the fault of each obligor."

6. LSA–C.C. Art. 1794 states in part: "An obligation is solidary for the obligors when each obligor is liable for the whole performance."

7. LSA–C.C. Art. 1797 states: "An obligation may be solidary though it derives from a different source for each obligor."

the damages that resulted from the wrong, and Hibernia would be able to receive contribution.

 In its third party complaint, Hibernia seeks contribution from the third party defendants for intentional diversion of the collateral securing the IPAC loan and the refusal to deliver the premium finance notes to Hibernia pursuant to the Custodian Agreement. However, the Compromise and Settlement Agreement signed by third party defendants released them from these claims. (*See* Compromise and Settlement Agreement at 20). When the obligee settles with one obligor, the remaining obligor has no right to a legal subrogation against the released obligor. *Harvey*, 163 So.2d at 921. FCC has released the third party defendants from the obligations of which Hibernia now seeks contribution. Thus, if found liable, Hibernia has no right to legal subrogation and thus no right to a third party complaint seeking contribution against the third party defendants.

■ However, Hibernia is not without an equitable remedy because the "surrender to one solidary obligor of the instrument evidencing the obligation gives rise to a presumption that the remission of debt was intended for the benefit of all solidary obligors." LSA–C.C. Art. 1803. Therefore, when a solidary obligor is released by the obligee, the obligee is only entitled to a proportionate amount of damages from the unreleased tortfeasor. *Carroll v. Kilbourne*, 525 So.2d 284 (La.App. 1st Cir.1988).

■ Accordingly, if Hibernia is found to have breached the Custodian Agreement, it is entitled to have the trial court determine the third party defendants' percentage of fault in causing the damage and to have the amount of the potential award reduced by the percentage of the fault assessed to the third party defendants. LSA–C.C. Art. 1803; *Valet v. City of Hammond*, 577 So.2d 155, 161 (La.App. 1st Cir.1991). This will prevent FCC from a windfall recovery.

## CONCLUSION

If a breach of the Custodian Agreement is found, it will be due to the fault of Hibernia, and therefore indemnity should not be al-

lowed. Also, because the third party defendants have been released from the obligations to which Hibernia seeks contribution, Hibernia has no right to contribution. Therefore, Hibernia is not entitled to relief on either ground presented.

Accordingly,

IT IS ORDERED that the motions of Leonard H. Aucoin, W. Joel Herron, Dennis Lafont, and Jerry F. Palmer to dismiss Hibernia's third party complaint are GRANTED.