FREDERICKA HOMBERG WICKER, Judge.
1^Plaintiffs, husband and wife, filed suit against New Orleans Aviation Board (NOAB) and Northwest Airlines, Inc. (Northwest) for injuries Mrs. Jensen allegedly sustained when she fell at the New Orleans International Airport. Because Northwest was erroneously named as a defendant, Mrs. Jensen amended her petition to substitute Southwest Airlines, Inc. (Southwest) for Northwest. Southwest filed a peremptory exception of prescription alleging that because the amended petition was filed more than one year after the accident, Mrs. Jensen’s claim had prescribed. The trial court granted the exception and dismissed Southwest from the litigation. Because we find that the timely filed suit against NOAB did not interrupt prescription against Southwest, we affirm.
Facts and Procedural Background
Plaintiff/appellant, Mrs. Ameche Jensen, allegedly sustained injuries on October 25, 2008, when she fell on Southwest Airline’s concourse at the New Orleans International Airport in Kenner, Jefferson Parish, Louisiana. Prior to embarking on her flight from Birmingham to New Orleans, Mrs. Jensen, a ^handicapped passenger, informed Southwest that she required wheelchair assistance. Her boarding passes also indicated that such assistance was required.
Wheelchair assistance was provided at each leg of her trip until she arrived at her final destination in Louisiana. Once she deplaned in Louisiana, Mrs. Jensen asserts that neither Southwest nor airport personnel were present at the gate to provide wheelchair assistance nor were any announcements made for passengers who required such assistance. She, thereafter, proceeded to the baggage claim area when she suddenly and without warning fell and sustained injuries. *300 Mrs. Jensen filed suit on October 28, 2009, against NOAB and Northwest[1] in the Civil District Court in Orleans Parish. Northwest filed a declinatory exception of improper venue, alleging that it was a foreign corporation and venue was proper where its primary business office was located — East Baton Rouge Parish — or where its principal place of business was located — Jefferson Parish.[2] Mrs. Jensen amended her petition on December 22, 2009, to substitute Southwest for Northwest, which had been erroneously named as a defendant. The amended petition was also filed in the Civil District Court of Orleans Parish. Southwest filed a declina-tory exception of improper venue on January 27, 2010, adopting the exception and supporting memorandum Northwest had previously filed.
Mrs. Jensen, Southwest, and NOAB entered into a Consent Judgment on February 2, 2010, whereby the exception of improper venue was granted and the case was transferred to the 24th Judicial District Court in Jefferson Parish, Louisiana. Once the case was transferred, Southwest filed a peremptory exception of prescription, arguing that Mrs. Jensen’s tort claim prescribed because the |4amended petition was filed more than one year after the date of the accident. Mrs. Jensen argued, on the other hand, that the timely filed suit against NOAB interrupted prescription against its solidary obligor, Southwest. She argued alternatively that her claim arose from a breach of contract and was therefore subject to a ten-year prescriptive period.
The trial court issued a judgment on July 19, 2010, granting the exception of prescription and dismissing Southwest Airlines from the suit. The judgment was certified as final.
Assignments of Error
Mrs. Jensen appeals the trial court’s judgment, assigning the following errors:
1. The trial court erred when it found that Southwest and NOAB were not solidary obligors; and
2. The trial court erred when it failed to consider her alternative argument that her claim against Southwest was a breach of contract claim subject to ten-year liberative prescription.
Discussion

Second Assignment of Error

Because Mrs. Jensen’s second assignment of error will assist in the resolution of her first assignment of error, it is discussed first.
In her second assignment of error, Mrs. Jensen argues alternatively that her claim resounds in contract and is therefore subject to a ten-year liberative prescriptive period. Southwest disputes, however, that she has a claim for breach of contract in this case.
Our jurisprudence has consistently held that “an action against a common carrier for failure to carry a passenger without physical harm is a tort or quasi offense which prescribes if suit is not brought thereon within one year of the saccident.” Bean v. Texas Inter’l Air *301 lines, Inc., 805 So.2d 558, 554 (La.App. 4 Cir.1975), unit denied, 309 So.2d 347 (La. 1975). The common carrier doctrine applies in all circumstances where a passenger suffers an injury when boarding, traveling aboard, or disembarking a common carrier’s vehicle. Amos v. St. Martin Parish Sch. Bd., 00-808, p. 3 (La.App. 3 Cir. 12/6/00), 773 So.2d 300, 302.
Mrs. Jensen contends that Southwest breached its specific obligation to provide her with wheelchair assistance and her action is therefore one that arises from a breach of contract as opposed to an action in tort. She attempts to distinguish her case from Sizeler v. Employers’ Liability Assurance Co. 102 So.2d 326 (La.App.Orleans 1958) and Flash v. Continental Airlines, Inc., 07-1522, 2008 WL 451061 (W.D.La.1/25/08), (unpublished), cases cited by Southwest, by stating that in those cases, the plaintiffs did not actually suffer from a breach of contract because their injuries occurred while the contract was being performed (ie. they were injured during transportation). It is Mrs. Jensen’s contention, however, that in this case, her contract specifically stated that wheelchair assistance would be provided throughout the entirety of her trip and because it was not, a breach occurred.
Though Sizeler, supra and Flash, supra are factually different, we find that the same principle enunciated in those cases applies here. The contract of carriage between the plaintiffs and the defendants merely determines the duty the defendant owes and does not change the nature of the cause of action or the applicable prescriptive period. Bean, supra. Admittedly, Southwest had a specific duty to provide Mrs. Jensen with wheelchair assistance and failed to do so. That, however, does not change the nature of her cause of action against them. As Southwest points out, to hold otherwise would lengthen the prescriptive period of any tort that might arise in conjunction with an ancillary service contract.
IfiWe, therefore, find that Mrs. Jensen’s claim arises in tort and is subject to a one-year liberative prescriptive period. Mrs. Jensen may overcome prescription, however, by showing that NOAB and Southwest are solidary obligors.

First Assignment of Error

In her first assignment of error, Mrs. Jensen argues that her claim against Southwest has not prescribed because suit was timely filed against NOAB, its soli-dary obligor.
On the trial of a peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. When evidence is introduced at a hearing on an exception of prescription, the trial court’s findings of fact are reviewed under the manifest error standard. Waguespack v. Judge, 04-0137, p. 4 (La.App. 5 Cir. 6/29/04), 877 So.2d 1090, 1092 (citation omitted). However, in the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, and all allegations thereof are accepted as true. Id.
In this case, the record is void of any evidence introduced at trial. We must therefore determine the exceptions on the facts alleged in the petition. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. Id. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. Id.
In this case, the amended petition was filed on December 22, 2009, and states that Mrs. Jensen’s accident occurred on or *302 about October 25, 2008. We have already established that Mrs. Jensen’s claim arises in tort. Her cause of action is 17therefore subject to a one-year liberative prescriptive period.[3] However, Mrs. Jensen’s suit against Southwest was filed almost fourteen months after the injury was sustained. Because prescription is evident on the face of the petition, the burden shifts to Mrs. Jensen to show that her claim has not prescribed.
Mrs. Jensen argues that because NOAB and Southwest are solidary obli-gors, the timely filed suit against NOAB interrupted prescription against Southwest. See La. C.C.P. art. 3503. To support her position, she relies on Green v. TACA International Airlines, (La.1974), 304 So.2d 357. In Green, the plaintiff fell when she stepped in or nearby a hole, known as a safety ground installation. On the day of her injury, the yellow paint which usually surrounded the hole had substantially worn away, causing her fall. Although the case involved indemnification between the parties, the Louisiana Supreme Court found both TACA and NOAB jointly liable for her injury. There, the court found that TACA breached its duty of care when it failed to observe that the yellow paint had worn away and by not warning passengers of the risk involved in traversing the area. It also found that NOAB breached its duty of maintenance when it neglected to regularly paint the safety ground installations to make it visible to persons using that area of the terminal.
Mrs. Jensen urges this Court to rely on Green to find NOAB and Southwest soli-dary obligors. Green, however, is markedly different from the facts of the present case. In Green, the Supreme Court found that both TACA and NOAB’s breach involved a defect in the premise — namely the worn away paint on the safety ground installation. Here, no such defect is alleged.
|sMrs. Jensen points to paragraph ten[4] of her petition to show that NOAB and Southwest are solidary obligors. Paragraph ten alleges the following:
1. Negligence in failing to provide wheelchair assistance as requested;
2. Failing to act reasonably under the circumstances to avoid an unreasonable risk of harm to invitees such as Mrs. Jensen;
3. Failing to assist wheelchair passengers in the concourse; and
4. Any and all other acts of negligence or breach of safety standards which may be brought out at trial of this case.
We are unable to say that paragraph ten alleges solidarity between NOAB and Southwest. Obligations are solidary when each obligor is liable for the whole performance. La. C.C. art. 1794. Paragraph ten and the facts contained throughout the petition fail to allege that NOAB and Southwest are independently responsible for the whole performance, namely providing Mrs. Jensen with wheelchair assistance. In fact, other than naming Southwest as a co-defendant, Southwest’s obligation, if any, to Mrs. Jensen is not mentioned anywhere in the *303 petition. We do note however, that Mrs. Jensen alleges in her brief the NOAB “is charged with the duty to assure the safety of passengers moving about the airport as they deplane, board planes, and move from one terminal to another.” This blanket allegation, however, is not supported by any authority.
The petition makes it clear that the obligation owed to Mrs. Jensen by Southwest arose from Southwest’s status as a common carrier. Southwest was obligated to ensure that Mrs. Jensen disembarked the plane without injury. Amos, supra. As Southwest points out, however, NOAB is not a common carrier and was therefore not obligated to provide Mrs. Jensen with such services.
Because Mrs. Jensen has failed to show that NOAB was independently responsible for providing her -with a wheelchair, she did not meet her burden of proving that solidarity existed between NOAB and Southwest. If the plaintiffs Rbasis for claiming interruption of prescription is sol-idary liability between the parties, then the plaintiff bears the burden of proving that solidary relationship. Younger v. Marshall 618 So.2d 866, 869 (La.1993).
Mrs. Jensen also cites Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La.1982) to support her contention that solidarity can exist between Southwest and NOAB even though their respective obligations to her arose for different reasons. Mrs. Jensen’s reliance on Hoefly is inapplicable to this case. In that case, the court discussed the relationship that existed between a tortfeasor and an uninsured motorist carrier. Those facts are not present here.
Conclusion
Mrs. Jensen has failed to meet her burden of proving that NOAB and Southwest are solidary obligors such that the timely filed suit against NOAB in Orleans Parish interrupted prescription against Southwest. We, therefore, find that Mrs. Jensen’s claim against Southwest has prescribed.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED

. Northwest Airlines was erroneously named in the suit.

. La. C.C.P. art. 42 provides that the general rule of venue is that an action against "[a] foreign corporation or foreign limited liability company licensed to do business in this state shall be brought in the parish where its primary business office is located as designated in its application to do business in the state, or, if no such designation is made, then in the parish where its primary place of business in the state is located.”

. La. C.C. 3492 provides: Delictual actions are subject to a liberative prescription of one year. The prescription commences to run from the day injury or damage is sustained.

. Although Mrs. Jensen’s brief states paragraph nine, the allegations contained therein are actually found in paragraph ten of the amended petition. The reference to paragraph nine in her brief refers to the original petition filed in the Civil District Court of Orleans Parish.