MARC E. JOHNSON, Judge.
| ^Appellant, Pauline Herrera, appeals the sustaining of an exception of prescription filed by Appellees, Beatrice Gallegos and USAgencies Casualty Insurance Company, which dismissed her lawsuit with prejudice from First Parish Court for the Parish of Jefferson, Division “B”. For the following reasons, we reverse the trial court’s judgment and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
The pertinent facts of this appeal are as follows.
On May 8, 2008, Ms. Herrera filed a Petition for Damages against Appellees, alleging her 2003 Nissan Xterra was struck by a vehicle operated by Ms. Gallegos on May 8, 2007, at approximately 3:00 p.m. Ms. Herrera alleged her vehicle was struck as she attempted to exit a private parking lot onto Williams Boulevard by Ms. Gallegos as she was reversing into the same parking lot from Williams Boulevard in order to avoid oncoming traffic. In response to Ms. Herrera’s petition, Appel-lees filed an Exception of Prescription and Answer to Petition for Damages on June 25, 2008. In the exception, Appellees alleged the IsSubject accident occurred on May 7, 2007, and Ms. Herrera’s lawsuit was filed beyond the one-year prescriptive period.
A hearing on the exception of prescription was held on November 3, 2008. No exhibits were admitted into evidence. During the hearing, the trial judge suggested that the best way to find out the date of the accident would be to call the Kenner Police Department. The trial judge overruled the exception from the bench on the basis that there was a lack of sufficient evidence. The trial judge informed Appellees that they could re-urge the exception. The trial court rendered a written judgment overruling the exception on December 2, 2008. Appellees filed a Motion for Re-Hearing on Exception of Prescription on March 23, 2009. The hearing for the motion was held on April 21, 2009, in which no evidence was introduced or admitted. The trial court denied the motion on May 22, 2009. Appellees *308 filed a supervisory writ application on June 18, 2009. On the showing made, this Court, in Pauline Herrera v. Beatrice Gallegos and USAgencies Casualty Insurance Company, 09-442 (La.App. 5 Cir. 6/15/09) (unpublished writ), denied Appel-lees’ writ application on July 1, 2009.
On July 26, 2010, Appellees filed a second Exception of Prescription. In the exception, Appellees alleged that the accident was reported on May 7, 2007, according to the Kenner Police Department’s call log and an affidavit from the custodian of records. Thus, Appellees contended the filing of Ms. Herrera’s lawsuit on May 8, 2008 was untimely. The matter was heard on August 31, 2010. No exhibits wei-e admitted into evidence. At the hearing, the trial judge overruled Ap-pellees’ exception and informed their attorney that she could raise the exception again at trial. The trial court rendered a written judgment on October 12, 2010, overruling Appellees’ exception.
|4Appellees filed a Motion to Re-urge Exception of Prescription on November 21, 2012. The hearing on the exception was held on January 14, 2013. No evidence was admitted at the hearing. At the hearing, the trial judge sustained the exception based upon the affidavit from the Kenner Police Department. In its written judgment rendered on January 24, 2013, the trial court sustained Appellees’ exception and dismissed Ms. Herrera’s lawsuit with prejudice. The instant appeal followed.
ASSIGNMENTS OF ERROR
On appeal, Ms. Herrera alleges the trial court erred in sustaining Appellees’ peremptory exception of prescription because: 1) the evidence shows that she timely filed her lawsuit, and 2) the trial court had previously denied Appellees’ exception, which was affirmed by this Court.
LAW AND ANALYSIS

Presentation of Evidence

Ms. Herrera alleges the trial court erred in sustaining Appellees’ exception of prescription because the evidence presented indicates the accident occurred on May 8, 2007. Ms. Herrera contends that the insurance documentation submitted from the insurance companies of both parties, State Farm and USAgencies Casualty Insurance Company, Inc., lists the date of loss as May 8, 2007. As a result of that insurance documentation, Ms. Herrera avers that, even if the call log from the Kenner Police Department is considered, the two conflicting constructions of the accident date should be resolved in favor of maintaining her lawsuit pursuant to Carter v. Haygood, 04-0646 (La. 1/19/05); 892 So.2d 1261.
Appellees argue the trial court was correct in dismissing Ms. Herrera’s lawsuit because she failed to adequately prove the accident at issue occurred on May 8, 2007. Appellees assert that they submitted an affidavit from the Kenner | ¿Police Department Records Custodian attesting to the department’s May 7, 2007 call log as evidence the matter was prescribed. Additionally, Appellees assert Ms. Herrera was afforded the opportunity to contradict the affidavit with her cell phone records; however, she did not produce her cell phone records to the trial court.
In reviewing a peremptory exception of prescription, the standard of review requires an appellate court to determine whether the trial court’s finding of fact was manifestly erroneous. Adams v. Grefer, 11-1157 (La.App. 5 Cir. 9/11/12); 99 So.3d 1083, 1086, writ denied, 12-2707 (La.2/8/13); 108 So.3d 91, citing Taranto v. Louisiana Citizens Property Ins. Corp., 10-0105 (La.3/15/11); 62 So.3d 721, 726. Although the factfinder is afforded defer *309 ence, appellate courts have a duty to review the facts. Id., citing State, Dept, of Transp. and Development v. Lauricella Land Company, L.L.C., 10-790 (La.App. 5 Cir. 4/28/11); 65 So.3d 712.
“On the trial of a peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.” La. C.C.P. art. 931. When evidence is introduced at a hearing on an exception of prescription, the trial court’s findings of fact are reviewed under the manifest error standard. Webster v. Penn Treaty Network America Ins. Co., 12-90 (La.App. 5 Cir. 7/31/12); 99 So.3d 708, 711, citing Jensen v. City of New Orleans ex rel. New Orleans Aviation Bd., 10-917 (La.App. 5 Cir. 3/29/11); 64 So.3d 298, 301. However, in the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, and all allegations thereof are accepted as true. Id. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. Id. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. Id.
1 fiIn the case at bar, the petition, which was filed by Ms. Herrera on May 8, 2008, alleges the accident occurred on May 8, 2007. So, it is not apparent from the face of Ms. Herrera’s petition that the matter is prescribed.[1] Thus, Appellees bore the burden of proving Ms. Herrera filed her lawsuit over one year from the date of the accident.
In an effort to prove their position that Ms. Herrera’s action had prescribed, Ap-pellees attached a copy of the call log from the Kenner Police Department to their memoranda in support of the exceptions, which indicated that an officer was dispatched to the scene of the accident on May 7, 2007. Appellees also attached an affidavit of the custodian of records for the Kenner Police Department attesting that the call log referred to the accident involving Ms. Herrera on May 7, 2007. The transcript of the January 14, 2013 hearing indicates that the trial court considered the call log and affidavit attached to Appel-lees’ memoranda. However, Appellees did not introduce any documentation at any of the hearings on their exceptions of prescription.
Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. Denoux v. Vessel Management Services, Inc., 07-2143 (La.5/21/08); 983 So.2d 84, 88. Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Id. Failure to adequately prepare the record by neglecting to offer matters into evidence can alter the outcome of a case, especially in an exception of prescription where the burden of proof may shift between the parties. Id. at 89, citing Cichirillo v. Avondale Industries, Inc., 04-2894 (La.11/29/05); 917 So.2d 424.
|7Upon our review of the record in this matter, we determine that Appellees failed to formally admit any evidence in support of their exception of prescription. The call log and affidavit relied upon by the trial court were never introduced or admitted into evidence. Consequently, there was no properly admitted evidence in support of Appellees’ position for the *310 trial court to consider. Ultimately, Appel-lees failed to carry their burden that Ms. Herrera’s lawsuit was untimely filed, and the burden never shifted to Ms. Herrera to prove the accident occurred on May 8, 2007. Since there was an absence of evidence, the trial court should have decided the exception of prescription on the facts alleged in the petition and accepted the allegation that the accident occurred on May 8, 2007 as true. Nonetheless, this procedural route was not taken by the trial court.
Because the trial court considered documentation that was not properly admitted into evidence, we find the trial court was manifestly erroneous in sustaining Appel-lees’ exception of prescription and reverse the ruling. The remaining issue raised by Ms. Herrera is pretermitted.
DECREE
For the foregoing reasons, we reverse the trial court’s judgment that sustained the Exception of Prescription filed by Beatrice Gallegos and USAgencies Casualty Insurance Company and dismissed Pauline Herrera’s lawsuit with prejudice. The matter is remanded to the trial court for further proceedings.

REVERSED AND REMANDED

. “In computing a prescriptive period, the day that marks the commencement of prescription is not counted. Prescription accrues upon the expiration of the last day of the prescriptive period....” La. C.C. art. 3454.