JOHNSON, J.,
dissents with reasons.
IJ, respectfully, dissent from the majority opinion on the basis that the trial court legally erred in considering a peremptory exception of prescription on its own objection. It is my opinion that the trial court completely disregarded the legislative intent of La. O.C.P. art. 927(B).
In Herrera v. Gallegos, 13-204 (La.App. 5 Cir. 10/9/13); 128 So.3d, 306, this Court reversed, the trial court’s sustaining of an exception- of prescription and remanded the matter for further proceedings. On remand, the matter proceeded to trial on October 8, 2014 without- any subsequent pleadings filed by Defendants/Appellees, Beatrice Gallegos and USAgencies Casualty Insurance, in reference to prescription. At - trial, the parties stipulated to the amount of damages sustained by Plaintiff/Appellant, Pauline. Herrera, and the exhibits that were to be introduced. Ms. Herrera provided the only live testimony at trial. At the conclusion of the-trial, the trial judge stated,
I think the evidence that I have to look at this is totally unbiased, is [t]he Police Report, and [t]he [pjolice instruments, This accident did occur on May 7th, in my opinion, and riot May 8th. I think that the claim is prescribed.
Each party to bare (sic) .their own costs.
In a written judgment rendered on October 30, 2014, the trial court ruled in favor of Appellees and dismissed Ms. Herrera’s action with prejudice, again finding that Ms. Herrera’s áction was prescribed.
|PLa. C.C. art. 3452 states that prescription must be pleaded and courts may not supply a plea of prescription. Additionally, La. C.C.P. art. 927(B) specifically provides, “[t]he court may not supply the objection of prescription, which shall be specially pleaded.” (Emphasis added). See also, Russland Enters., Inc. v. City of Gretna, 98-676 (La.App. 5 Cir. 1/26/99); 727 So.2d 1223, 1227, reh. denied, 98-676 (La.App. 5 Cir. 3/8/99). Statutes involving prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished. Adams v. Grefer, 11-1157 (La.App. 5 Cir. 9/11/12); 99 So.3d 1083, 1086, writ denied, 12-2707 (La.2/8/13); 108 So.3d 91. Renunciation may be express or tacit. Id., citing La. C.C. art. 3450. Tacit renunciation results from circumstances that give rise to a presumption that the advantages of prescription have been abandoned. Id., citing Geiger v. State ex rel. Dept. of Health and Hosp., 01-2206 (La.4/12/02); 815 So.2d 80, 86. Renunciation of prescription destroys the effect of prescription that has already run. Id., citing Neese v. Papa John’s Pizza, 10-15 (La.App., 5 Cir. 6/29/10); 44 So.3d 321, 328.
*173 On remand, Appellees did not specially plead an exception of prescription or re-urge an exception of prescription. From a procedural standpoint, the fact that the trial court, on its own objection, considered the issue of prescription without it being formally pleaded through an exception by Appellees was a legal error. The circumstances of this matter indicate that Appel-lees tacitly renounced any prescription claim they may have had in their favor when they filed their “Motion to Set for Trial” upon remand and participated in a trial on the merits without specially re-urging an exception of prescription. Because Appellees renounced prescription by proceeding to trial and failing to re-urge prescription, any effect of prescription had been destroyed and could not be used against Ms. Herrera. J^Thus, at the trial on the merits, the trial court was prohibited from considering, on its own objection, a prescription' issue that had been renounced by Appellees.
While the majority opinion mentions the Louisiana Official Revision Comments of La. C.C.P. art. 929 in an attempt to justify the trial court’s ruling oh prescription after the trial on the merits, it fails to acknowledge the glaring fact that Appellees’ exception was not referred to the merits by the trial court, mainly because there was no pending or outstanding exception of prescription before the court for review.[1] The record in this- matter simply does not support the majority’s assertion. This Court in Herrera .made a determination on Appellees’ previously filed exception of prescription -and remanded the matter for-further proceedings. Because Appellees failed to re-urge their exception of prescription, the issue of whether Ms. Herrera’s action was prescribed was not before the trial court for review at the trial on the merits.
Additionally, while the majority opinion cites the facts of the Herrera opinion for the proposition that the trial court instructed Appellees to raise the exception again at trial as justification for the trial court’s review of the issue of prescription at trial, the majority fails to acknowledge that the record is completely devoid of a specially pleaded exception' of prescription filed by Appellees at trial. Again, the trial court erroneously considered an exception of prescription on its own objection. Furthermore, even considering the fact that Appellees raised prescription as an affirmative defense, the trial court was instructed by the Louisiana Civil Code of Procedure to treat the affirmative defense as a properly filed exception and rule on it prior to trial. \4See La. C.C.P. arts. 929 and 1005. The trial court legally erred in ruling on the issue of prescription after the ' trial on the merits concluded.
For the foregoing reasons, I would not affirm the trial court’s judgment in this matter. Appellees renounced prescription against Ms. Herrera, and the trial court forced the issue by ignoring the laws set forth the Louisiana Civil Code and Louisiana Civil Code of Procedure. I do not believe the legislature’s intent to prevent a court from objecting to an exception of prescription should have been abated by the trial court and condoned by this Court. As such, I would find the trial court committed a legal error by considering the issue of prescription on its own objection at trial and would review the actual merits of the case de novo. ' ' ■

. It is noted that Appellees could not have orally raised an exception of prescription at the trial because the exception has to be spe-daily pleaded. See La. C.C.P. art. 927. An oral objection is not considered to be a pleading. See La. C.C.P. arts. 852 and 854.